**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3976-15T2

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

v.

M.C.,

    Defendant,

and

D.O.,

    Defendant-Appellant.

_____

IN THE MATTER OF D.O. and T.O.,
MINORS.

_____

        Submitted May 30, 2017 — Decided June 7, 2017

        Before Judges Sabatino and Geiger.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Burlington
        County, Docket No. FN-03-0187-14.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Kimmo Z. H. Abbasi, Designated
        Counsel, on the briefs).

Christopher S. Porrino, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Hannah F. Edman, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Nancy P. Fratz, Assistant Deputy Public Defender, on the brief).

PER CURIAM

Defendant D.O., the father of two young children, appeals the Family Part's determination that he abused or neglected his children in violation of N.J.S.A. 9:6-8.21(c). We affirm.

It is undisputed that defendant and the children's mother, M.C., have had long-standing histories of drug abuse, including heroin and cocaine. Both parents have criminal records involving drug charges. At the time of the events in question, the children were ages five and three and living with defendant and M.C.

The Division of Child Protection and Permanency ("the Division") became involved with this household in March 2013 after receiving a report that the parents took the children with them to purchase drugs in Camden. Although that initial referral was not substantiated, the Division received another referral in January 2014 from a witness who stated that the parents were using heroin and cocaine daily. The witness had observed defendant using drugs in the parking lot at his workplace. In addition, the

Division learned that M.C. had been fired two days earlier when her employer discovered bags of heroin in her work locker.

The Division promptly conducted an investigation, which confirmed the parents' ongoing drug abuse. Defendant acknowledged in an interview that he was currently illegally using Suboxone, which had been prescribed not to him but to M.C., because of his heroin addiction. M.C., who initially had tried to hide from the Division workers, admitted that she had been recently using heroin and cocaine. In addition, the older child told a Division worker that she had seen her mother taking pills, and that at times she was left with a relative who drank beer while watching her and her brother. Both defendant and M.C. tested positive for cocaine and opiates.

The Division conducted an emergency removal of the children from the household, and they were placed with the paternal grandmother. The Division ordered evaluations and hair follicle testing of the parents. Defendant was referred to a drug treatment program. However, his subsequent hair follicle testing was positive for morphine. Meanwhile, M.C. stipulated that her own unabated substance abuse had placed the children at risk of harm.

The Division charged defendant with abuse or neglect under Title 9, and the litigation progressed to a fact-fining proceeding on May 21, 2014. Defendant, who had already previously missed a

court date, failed to appear for the fact-finding hearing. However, his counsel did appear and consented to the matter going forward in defendant's absence. The Division moved its investigative report into evidence without objection, and then rested. Defense counsel did not present any witnesses or offer any exhibits or other proofs.

Based upon the evidence supplied, the Family Court judge concluded by a preponderance of the evidence that the Division had met its burden under Title 9. As the judge noted in her oral opinion, "[t]here is a very strong drug history regarding [defendant]," who "has an ongoing substance abuse problem which was a problem when the children were removed and is still a problem."

Defendant now appeals, contending that there was insufficient evidence to support a conclusion of abuse or neglect against him. He emphasizes that there was no proof that he was actually using drugs in the presence of the children. He also notes that the older child told the Division investigators that her parents did not use needles in her presence. Defendant contends that the children were not placed at risk by his drug abuse.

We have no hesitation in affirming the trial court's determination. Case law has made clear that the Division does not have to wait for a child to experience actual harm in order to

pursue abuse or neglect charges against a parent who has endangered his or her children. See, e.g., N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 449 (2012); In re Guardianship of D.M.H., 161 N.J. 365, 383 (1999). The Division only needs to show under the statute that a child's physical, mental, or emotional condition has been "impaired or is in imminent danger of becoming impaired." N.J.S.A. 9:6-8.21(c)(4) (emphasis added); see also G.S. v. Dept. of Human Servs., 157 N.J. 161, 181 (1999).

Here, defendant's positive drug screens, his admitted improper use of Suboxone, and his awareness that the children's other caregivers in the household were abusing drugs or alcohol provided ample grounds for the court to conclude that defendant's irresponsible conduct had endangered the children. It was not essential for the Division to show that defendant actually ingested drugs in the physical presence of the children for them to be at risk, particularly given their young ages. The cases cited in defendant's brief holding that a parent's substance abuse is not per se child abuse or neglect do not undermine the trial court's reasonable findings of abuse or neglect in this case, given the totality of circumstances that placed the children at risk.

Although the Division proved its case here through a written submission rather than with any live testimony, such testimony was not imperative, given defense counsel's expressed lack of

opposition to the court's consideration of the investigative report. See N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 340 (2010) (applying the concept of "invited error").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3976-15T2